**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**INDEPENDENT PROTECTION CO., INC.,**

        **Plaintiff,**

-vs-                                          Case No. 6:08-cv-1185-Orl-31KRS

**FLORIDA BUS UNLIMITED, INC., FIRST CLASS COACH & EQUIPMENT, INC. ESOP & TRUST, JAMES D. BAY, TOD S. CHAPMAN, RONALD K. OBERT, JEFFREY W. SLACK, and MICHAEL V. STOTLER,**

        **Defendants.**
_____

**RONALD K. OBERT,**

        **Cross-Claimant**

**vs.**

**JEFFREY W. SLACK, MICHAEL V. STOTLER, FLORIDA BUS UNLIMITED, INC., FIRST CLASS COACH & EQUIPMENT, INC., JAMES D. BAY, TOD S. CHAPMAN,**

        **Cross Defendants.**
_____

# ORDER

This matter came before the Court without oral argument upon consideration of Cross-Defendants' Motion to Dismiss Cross-Claimant's Amended Cross-Claim (Doc. 35) and Cross-Claimant's response in opposition thereto (Doc. 36).

**I. Background**

On August 26, 2008, Plaintiff, Independent Protection Co., Inc. d/b/a Turtle Top ("Turtle Top"), filed its Amended Complaint, asserting claims for breach of contract (Count I) and account stated (Count II).[1] Turtle Top is an Indiana-based manufacturer of speciality buses and vehicles which, for many years, has sold buses and parts to Defendant, Florida Bus Unlimited, Inc. ("Florida Bus"). Sometime in the middle of 2007, Florida Bus began to fall behind on its payments to Turtle Top. On or about March 10, 2008, Turtle Top and the Defendants entered into a promissory note (Doc. 22, Ex. A). Turtle Top alleges that the Defendants have failed to make any payments under the promissory note and that, in addition to the $342,000.00 which is owed on the note, there also remains an outstanding balance in the amount of $550,952.41 due on an open account between it and Florida Bus.

On April 11, 2008, approximately one month before the Defendants executed the promissory note in favor of Turtle Top, Florida Bus entered into an asset purchase agreement with First Class Coach Sales Corporation ("FCCS").[2] Pursuant to the agreement, Florida Bus agreed to sell its assets to FCCS (Doc. 13, Ex. A). Also included in the agreement was the following indemnification clause:

> Seller [Florida Bus] indemnifies Purchaser [FCCS] and shall hold Purchaser harmless from any debts, claims, actions, losses, damages and reasonable attorneys' fees, existing or that may arise from or be related to Seller's operation and ownership of the Commercial Bus Line prior to closing....

---

[1] Count II, which Plaintiff styles as a claim for "open account," has been asserted against Florida Bus Unlimited, Inc. only. Count I has been asserted against all Defendants.

[2] FCCS is not a party to the instant action, but Defendant Robert Obert is one of FCCS' principals.

(Doc. 13, Ex. A., ¶10 at 7). Defendant Robert Obert ("Obert") signed the asset purchase agreement on behalf of FCCS as FCCS' president (Doc. 13, Ex. A., at 12).

In his Amended Cross-Claim, Obert asserts that he should be indemnified by his co-defendants in the event he is held liable to Turtle Top. Obert predicates his claim for indemnification on two theories: (1) contractual indemnity arising out of the asset purchase agreement entered into by FCCS and Florida Bus; and (2) common law indemnity. The Defendants have moved to dismiss Obert's Cross-Claim pursuant to FED. R. CIV. P. 12(b)(6).

## II.  Standard of Review

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see*, *e.g.*, *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing FED. R. CIV. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th

Cir. 2001).  However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007).  The complaint's factual allegations "must be enough to raise a right to relief above the speculative level."  *Id.* at 1965.

**III.  Analysis**

    **A.  Contractual Indemnity**

Obert alleges that, inasmuch as he is the principal of FCCS, he is a third-party beneficiary of the indemnity provision included in the asset purchase agreement between Florida Bus and FCCS (Doc. 25 at 6).  To be a third-party beneficiary of a contract under Florida law, however, the third party must establish that the contract either expressly creates rights in his favor or that the provisions of the contract primarily and directly benefit the third party or a class of persons of which the third party is a member.  *Greenacre Properties, Inc. v. Rao*, 933 So. 2d 19, 23 (Fla. 2d DCA 2006).

While Obert's cross-claim makes the conclusory allegation that he was an intended third party beneficiary of the indemnity provision, the asset purchase agreement was clearly entered into between Florida Bus and FCCS – not Obert individually.  In fact, the only language in the asset purchase agreement which identifies Obert individually concerns a release of certain bank loans (Doc. 13, Ex. A., ¶9 at 6).  No mention of Obert is made in the indemnity provision.  While the indemnity provision would clearly protect FCCS, it does not, on it face, specify or imply that Obert should receive third party beneficiary status.  Indeed, the contractual indemnity provision was clearly designed to protect FCCS from a claim by Turtle Top.  But Turtle Top did not sue FCCS.

Thus, the contractual indemnity provision does not even come into play. Accordingly, Obert's Cross-Claim is insufficient to support a third party beneficiary claim and must be dismissed.

### B. Common Law Indemnity

In addition to his contractual indemnity theory, Obert pleads, in the alternative, that he is to be indemnified by his co-defendants under a theory of common law indemnity. To assert a claim for common law indemnity, a party must show, *inter alia*, that: (1) the party seeking indemnity is wholly without fault; and (2) the party who seeks indemnity is obligated to pay another party or entity only because of some vicarious, constructive, derivative, or technical liability. *Houdaille Indus., Inc. v. Edwards*, 374 So. 2d 490, 492-93 (Fla. 1979); *Paul N. Howard Co. v. Affholder, Inc.*, 701 So. 2d 402, 403-04 (Fla. 4th DCA 1997).[3]

Here, Obert personally signed the promissory note payable to Turtle Top. Assuming Obert is held liable to Turtle Top on the note, as an actual signatory, that liability would be direct and not vicarious. Accordingly, Obert fails to satisfy a basic prerequisite of common law indemnity. Count II of Obert's Cross-Claim must therefore be dismissed.

Based on the foregoing, Cross-Defendants' Motion to Dismiss Cross-Claimant's Amended Cross-Claim is **GRANTED**. Obert's Cross-Claim is **DISMISSED** without prejudice. Obert shall have leave to amend his Cross-Claim up and until Friday, November 7, 2008.

---

[3] Common law indemnity, with the Florida Courts' repeated references to "negligence" and "fault" in the case law, appears to arise almost exclusively in the context of product liability and tort suits. But because the parties have not briefed the application of common law indemnity in the breach of contract or account stated context, the Court has assumed for the purposes of this Order that common law indemnity is applicable to the instant Cross-Claim.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on October 14, 2008.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE